UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ASATA D. LOWE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 3:22-CV-159-KAC-JEM |
| | ) | |
| MIKE PARRIS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner Asata D. Lowe, an inmate in the custody of the Tennessee Department of Correction ("TDOC") housed at the Morgan County Correctional Facility ("MCCX"), filed a pro se federal habeas petition, purportedly under 28 U.S.C. § 2241 [Doc. 1]. Petitioner has paid the filing fee. For the reasons set forth below, the Court **DISMISSES** the petition **with prejudice**.

Petitioner is in TDOC custody pursuant to a 2000 conviction and sentence[1] that he unsuccessfully challenged through Tennessee's Post Conviction Act, Tenn. Code Ann. § 40-30-101, *et seq.*, with the assistance of appointed counsel [*See* Doc. 1 at 3-4]. Petitioner contends that MCCX Warden Mike Parris is detaining him pursuant to Tennessee's statutory code governing correctional institutions in a way that deprives Petitioner of "freedom from bodily restraint and

---

[1] Petitioner is confined under Blount County judgments of conviction for first-degree murder and especially aggravated robbery from 2000, that involved events that occurred in 1998 *See* Tennessee Department of Correction, "Felony Offender Information Search," https://apps.tn.gov/foil/search.jsp (last visited July 26, 2022). The Court may take judicial notice of information provided by a public authority. *See* Fed. R. Evid. 201(b)(2); *United States v. Doss*, 563 F.2d 265, 269 n.2 (6th Cir. 1977); *see also* Fed. R. Evid. 902(5) (providing that "official publications" are self-authenticating), *Williams v. Long*, 585 F. Supp. 2d 679, 688 n.4 (D. Md. 2008) (finding public authority's act of posting information on Internet is an act of publication under Rule 902(5)).

punishment" without procedural safeguards [*Id*. at 2-3, citing Tenn. Code Ann. § 41-1-101, *et seq*.]. He asserts that he filed this petition under Section 2241 not 28 U.S.C. § 2254 [*Id*. at 3].

Federal courts may grant a writ of habeas corpus under Section 2241 upon a determination that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts also have jurisdiction under Section 2254 to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It is well-established principle of statutory construction that when two statutes are applicable, the more specific statute controls the general. *See Edmond v. United States*, 520 U.S. 651, 657 (1997) ("Ordinarily, where a specific provision conflicts with a general one, the specific governs."); *Preiser v. Rodriquez*, 411 U.S. 475, 489 (1973) (holding that prisoner challenging validity of his confinement on constitutional grounds must rely on habeas statute specifically designed for that purpose rather than the language of 42 U.S.C. § 1983).

Here, Petitioner attacks the fact of his confinement pursuant to a State-court judgment of conviction [*See* Doc. 1 at 5]. Therefore, despite his protestations to the contrary, Petitioner must pursue habeas relief through Section 2254. *See, e.g., Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) (adjudicating Section 2254 "the 'exclusive vehicle' of habeas relief for prisoners in custody under a state judgment") (citation omitted); *Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006) (concluding that "all petitions seeking relief from state court convictions" fall under Section 2254). Under Section 2254, Petitioner cannot file a "second or successive" petition without first obtaining an order from the United States Court of Appeals for the Sixth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the

district court to consider the application."). Petitioner has filed numerous second or successive petitions under Section 2254, and the Sixth Circuit has not authorized him to proceed in this Court on a second or successive habeas petition. *See, e.g., Lowe v. Parris*, No. 3:22-CV-42-KAC-DCP, 2022 WL 1124929, at *1-2 (E.D. Tenn. Apr. 14, 2022).

Therefore, the Court **DENIES** the instant petition for writ of habeas corpus, and **DISMISSES** this action **WITH PREJUDICE**. The Court **DENIES** a certificate of appealability from this decision. 28 U.S.C. § 2253(c). Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, the Court **DENIES** Petitioner leave to proceed *in forma pauperis* on any subsequent appeal. *See* Fed. R. App. P. 24.

**SO ORDERED. AN APPROPRIATE JUDGMENT WILL ENTER.**

**ENTER:**

                                               s/ Katherine A. Crytzer
                                               KATHERINE A. CRYTZER
                                               United States District Judge

3

Case 3:22-cv-00159-KAC-JEM   Document 7   Filed 07/27/22   Page 3 of 3   PageID #: 32